In the Matter of Isidore R. LIEBERMAN, Alias Richard Lee, Bankrupt.

No. 548.

United States District Court
W. D. Virginia.

March 26, 1960.

Morton Honeyman, Roanoke, Va., for bankrupt.

John Epperly, Martinsville, Va., for receiver.

DALTON, Chief Judge.

The question before the District Court for consideration is the objection filed by the First National Bank of Martinsville and Henry County, Virginia, to the discharge in bankruptcy of the above

named bankrupt. It appears that the bankrupt, Isidore R. Lieberman, alias Richard Lee, negotiated a check purportedly made by one E. A. Craig, executed to Richard Lee & Co., dated February 23, 1956, drawn on the Colonial-American National Bank of Roanoke, Virginia, which check was deposited by the bankrupt in the First National Bank of Martinsville and Henry County, Virginia, to the credit of Richard Lee & Co. Subsequent, and without waiting for the check to clear through the channels of collection, the bankrupt drew a check on the Martinsville Bank transferring the deposit to the First National Exchange Bank of Roanoke, Virginia, which check was honored by the Martinsville Bank before it received notice that the check drawn by Craig and negotiated by the bankrupt and deposited in the Martinsville Bank was worthless. The result was that the Martinsville Bank was left "holding the bag" for the $3,000 that it advanced on the worthless deposit of the bankrupt.

The Martinsville Bank objects to the discharge upon the grounds that:

(1) the bankrupt knew, or should have known that the check was not good;

(2) the bankrupt failed to explain satisfactorily the disposition of the $3,000 proceeds realized from uttering the check, and failed to explain satisfactorily any losses or deficiency of assets.

It can be easily seen that the Martinsville Bank acted in good faith and was victim of an unworthy act on the part of the bankrupt whereby the Martinsville Bank was "fleeced" of $3,000 in this transaction. In the necessity of speed in modern-day commerce, and in the handling of bank clearance matters, it is essential that all dispatch be used, and in the doing of an accommodation the Martinsville Bank was improperly taken advantage of. While the Court looks with disfavor and dislike to a situation such as the one presented here, yet after considering all the facts and circumstances and applying the law thereto, the Court does not feel that there are sufficient grounds upon which to deny a discharge to the bankrupt.

Under the provisions of law relating to a discharge in bankruptcy, U.S.C.A., Title 11, § 32, sub. c, it is provided that the court shall grant the discharge unless satisfied that the bankrupt has committed one of seven acts which would prevent his discharge in bankruptcy. The Court cannot say from the record in this case that the bankrupt has committed any of the acts enumerated under the bankruptcy law for the refusal of a discharge.

Therefore, the objections to the discharge of the bankrupt be and the same are hereby overruled, and the decision of the Honorable Joseph T. Engleby, Jr., is hereby affirmed, and it is ordered that the discharge in bankruptcy be granted.